**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos, Pro Hac Pending**
Of Trial Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

(additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **VICKY SILVA,** a consumer residing in Oregon, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-391 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiff, | Unlawful Trade Practices |
| v. | 28 U.S.C. § 1332 |
| **UNIQUE BEVERAGE COMPANY, LLC**, a foreign corporation, | Demand for Jury Trial |
| Defendant. | |

**CLASS ACTION ALLEGATION COMPLAINT** – Page 1 of 13



1.

**ABOUT THIS CASE**

We now live in a world of alternative facts, where left is right and up is down. Apparently buoyed by an entitlement to lie, advertisers increasingly cross the Rubicon of puffery to deceit and trickery – "alternative advertising."

2.

This federal class action case represents an alarming trend – a product masquerading as so-called coconut water, when in fact there is no coconut. When confronted with its deceit, instead of offering refunds, defendant responded that its beverage captured the "essence" of a coconut. This class action is filed on behalf of consumers nationwide who have been tricked into buying defendant's so-called coconut water product.

3.

Coconut water is a billion-dollar industry in the United States. People seek out coconut water products for their special health qualities, including kidney stone prevention, dehydration prevention, and detoxification.

**United States Coconut Water Market Size Forecast**



4.

## THE PARTIES IN THIS CASE

Unique Beverage Company, LLC ("defendant") is incorporated in the State of Washington. Defendant is responsible for labeling its so-called coconut water product. Defendant labels its so-called coconut water product to be advertised and sold to people across the State of Oregon. Despite the large colorful coconuts and the word "Coconut" that defendant puts on the front of its label, defendant's product actually contains no coconut water, no coconut juice, no coconut pulp, no coconut jelly, and has no coconut health qualities.

5.

Vicky Silva is an individual consumer residing in Oregon. She purchased defendant's bottle of so-called coconut water shown below on February 27, 2017 at a grocery store in Gresham, Oregon.



**CLASS ACTION ALLEGATION COMPLAINT** – Page 4 of 13

6.

Vicky Silva felt tricked when she drank defendant's so-called coconut water product because it tasted nothing like coconut. She later complained but defendant refused to do anything about it.

From: "Vicky Silva" <vicky.silva57@gmail.com>
Date: Feb 27, 2017 6:25 PM
Subject: Re: Contact Form Submission
To: "Cascade Ice" <cascadeicewaterpr@gmail.com>
Cc:

I just wanted to point out for example coconut sparkling water shows no coconut in it whatsoever it's very deceptive. the public trust you to produce what you're showing a picture of. if you show a picture of coconuts on a bottle of sparkling water and you write the word coconut on it that means coconut water. to read the ingredients and see there is no coconut, instead pear juice, is deceiving.

Vicky Silva

Hi Vicky,

I'm sorry if my response didn't satisfy you before. We are doing everything we can to keep our customers happy, and I wish that I had a more satisfactory answer for you. The pear juice is a natural sweetener which is why it is added to many of our products. If you would like to discuss more, you can call me at 972-380-9595. I hope you have a great day.

Thanks!

From: "Cascade Ice" <cascadeicewaterpr@gmail.com>
Date: Feb 27, 2017 2:50 PM
Subject: Re: Contact Form Submission
To: <vicky.silva57@gmail.com>
Cc:

Hi Vicky,

Thank you for reaching out. We're sorry to hear about your dissatisfaction with our product, but we hope you continue to try more flavors. Our sparkling waters are flavored with all natural fruit essences. The fruit essence comes from extracting natural essential oils from the fruit themselves. We hope this is helpful.

On Sat, Feb 25, 2017 at 6:35 PM, <cascadeice@cascadeicewater.com> wrote:

**New Form Submission**

| | |
|---|---|
| **Name: *:** | vicky |
| **Email: *:** | vicky.silva57@gmail.com |
| **Phone:** | 5039954567 |
| **City & State: *:** | Gresham Oregon |
| **Subject: *:** | false advertising |
| **Permission To Use For Promotion: *:** | No |
| **Message:** | I noticed your Cascade coconut sparkling water says coconut on the front label. I bought some and I thought it tasted a little funny. Upon reading the ingredients found there was nothing about coconut in it at all! Then you really have to read all the labels because finally up by the nutrition facts, buried in between, it says contains no coconut but it doesn't say it contains no coconut milk or water. So in my mind when I see something that says coconut on the front and that it's sparkling water that's what I think it is. |

Form submitted from website: www.cascadeicewater.com
Visitor IP address: 66.87.113.154

**CLASS ACTION ALLEGATION COMPLAINT** – Page 5 of 13

7.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy including actual, statutory, and punitive damages exceeds $75,000. In the regular course of defendant's business, defendant labeled thousands of units of its so-called coconut water product for sale throughout Oregon last year. Venue is proper under 28 U.S.C. § 1391 because the bulk of sales of defendant's so-called coconut water product in Oregon took place in Multnomah County. This complaint's allegations are based on personal knowledge as to Vicky Silva's conduct and made on information and belief as to the acts of others.

8.

## CLASS ALLEGATIONS

The class consists of all Oregonians who, within one year before the date of the filing of this complaint, bought defendant's so-called coconut water product in Oregon. The quantity of defendant's so-called coconut water product sales in Oregon can be determined based on defendant's sales records, and based on the sales records and other customer data of defendant's Oregon distributors and retailers, and based on claims forms and receipts from Oregon consumers. Excluded from the class are all attorneys for the class, officers and directors of

**CLASS ACTION ALLEGATION COMPLAINT** – Page 6 of 13

defendant, including officers and directors of any entity with an ownership interest in defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

9.

Defendant sells its so-called coconut water product in hopes of cashing in on the billion-dollar coconut water market. But using actual coconut, coconut water, coconut juice, coconut pulp, or coconut jelly in its product would cost defendant more money. So defendant intentionally puts large colorful coconuts and the word "Coconut" on the front of its product labels, in hopes Oregonians like Vicky Silva will buy the product, only to later find out that it does not taste like coconut and has no coconut health qualities. Every Oregonian who purchased defendant's so-called coconut water product suffered an actual ascertainable loss of the difference between the value of the product they received with no coconut health qualities and the increased value that a product with coconut health properties would have had.

10.

Defendant's labels violate the Oregon Unlawful Trade Practices Act ("UTPA") ORS 646.608(1)(b) because they cause the likelihood of confusion and misunderstanding as to the source of defendant's so-called coconut water product. Defendant's labels violate ORS 646.608(1)(e) because they falsely represent that defendant's so-called

**CLASS ACTION ALLEGATION COMPLAINT** – Page 7 of 13

coconut water product has coconut. Defendant's labels violate ORS 646.608(1)(g) because they falsely represent that defendant's so-called coconut water product contains the special health qualities that people seek out in coconut products. These UTPA claims are common to the class.

11.

The class is so numerous that joinder is impracticable. The size of the Oregon class is in the thousands, and will be determined based on sales records and other customer data from defendant and its Oregon distributors and retailers, and from claims forms and receipts from Oregon consumers.

12.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether defendant may lawfully advertise its so-called coconut water product with large colorful coconuts and the word "Coconut" on the front of its product labels, whether under these facts, Vicky Silva and the class must prove reliance on defendant's label, if so, whether reliance may be proved on a class-wide basis, whether plaintiff and class members are entitled to equitable and injunctive relief, whether an injunction to prevent future harm is appropriate, whether defendant acted willfully, recklessly, or intentionally, whether Vicky Silva and

**CLASS ACTION ALLEGATION COMPLAINT** – Page 8 of 13

class members are entitled to recover actual damages or $200 statutory damages or punitive damages from defendant, and whether Vicky Silva and the class are entitled to recover fees and costs for defendant's UTPA violation.

13.

Vicky Silva's claim is typical of the claims of the class because each received a so-called coconut water product that was worth less than a product with coconut health qualities would have been worth, the injuries suffered by Vicky Silva and the class members differ only in the number of transactions per class member, and Vicky Silva's claim for relief is based upon the same legal theory as are the claims of the class members. Vicky Silva will fairly and adequately protect and represent the interests of the class because her claims are typical of the claims of the class, she is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

14.

A class action is superior to other available methods for fair and efficient adjudication of this case because commons questions of law

**CLASS ACTION ALLEGATION COMPLAINT** – Page 9 of 13

and fact predominate over other factors affecting only individual members, as far as Vicky Silva knows, no class action that purports to include Oregon consumers suffering the same injury has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of individual actions, the relatively small amounts of damages suffered, and because Vicky Silva and her attorneys will vigorously pursue the claims. The forum is desirable because the bulk of sales of defendant's so-called coconut water product in Oregon took place in Multnomah County. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small monetary damages, as a result of the same conduct by defendant. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief will prevent further ongoing harm to Oregon consumers, and the availability of defendant's (and its Oregon distributors and retailers) sales records and customer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent Oregonians who purchased defendant's so-called coconut water product cannot be located, their monies may be distributed through a cy pres process.

**CLASS ACTION ALLEGATION COMPLAINT** – Page 10 of 13

15.

**CLAIM FOR RELIEF – VIOLATION OF ORS 646.608**

Defendant willfully, recklessly, and/or intentionally violated ORS 646.608(1) (b), (e), and (g) as alleged above, causing Vicky Silva and the class ascertainable losses. Defendant effectively ignored Vicky Silva's attempts to resolve this mislabeling issue outside of court, and defendant continues to mislabel its so-called coconut water product for sale throughout Oregon to this very day. Vicky Silva seeks an injunction to stop defendant's ongoing unlawful trade practices.

16.

Vicky Silva and the class are also entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by defendant, an order to preserve sales records and customer data that relate to this claim. Vicky Silva and the class are entitled to recover interest and fees and costs under ORS 646.638. Defendant's violation of the UTPA as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregonians to be free from unlawful trade practices. Vicky Silva and the class are entitled to recover punitive damages under ORS 646.638.

17.

Demand for jury trial.

**CLASS ACTION ALLEGATION COMPLAINT** – Page 11 of 13

## PRAYER FOR RELIEF

Vicky Silva seeks relief for herself and the proposed class as follows:

A. An injunction requiring defendant to re-label its so-called coconut water product to comply with Oregon law,

B. An order directing defendant to preserve all sales records and other customer data pertaining to this case,

C. An order certifying this matter as a class action,

D. Judgment against defendant for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs; and

E. Other relief the court deems necessary.

March 9, 2017

RESPECTFULLY FILED,

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

(additional counsel on next page)

**CLASS ACTION ALLEGATION COMPLAINT** – Page 12 of 13

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Ben Meiselas, Pro Hac Pending**
Of Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
meiselas@geragos.com
Phone 213-625-3900

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiff
kellydonovanjones@gmail.com

## PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

March 9, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**CLASS ACTION ALLEGATION COMPLAINT** – Page 13 of 13