**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos**
Of Trial Attorneys for Plaintiff
Geragos & Geragos

(full counsel information on signature page)


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **VICKY SILVA,** an Oregon consumer, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-00391-HZ |
| Plaintiff, | **CLASS ACTION ALLEGATION SECOND AMENDED COMPLAINT** |
| v. | Unlawful Trade Practices |
| **UNIQUE BEVERAGE COMPANY, LLC**, a foreign corporation, | 28 U.S.C. § 1332 |
| Defendant. | Demand for Jury Trial |


**SECOND AMENDED COMPLAINT** – Page 1 of 18



1.

**ABOUT THIS CASE**

We now live in a world of alternative facts, where left is right and up is down. Apparently buoyed by an entitlement to lie, advertisers increasingly cross the Rubicon of puffery to deceit and trickery – "alternative advertising."

**SECOND AMENDED COMPLAINT** – Page 2 of 18

2.

This federal class action case represents an alarming trend – a product masquerading as a so-called coconut product, when in fact there is no coconut and no coconut taste and no coconut-related health qualities. When confronted with its deceit, instead of offering refunds, defendant responded that its beverage captured the "essence" of a coconut. This class action is filed on behalf of consumers nationwide who have been tricked into buying defendant's so-called coconut product.

3.

Coconut beverages are a billion-dollar industry in the United States. People seek out coconut products for their special health qualities, including kidney stone prevention, dehydration prevention, and detoxification.



**SECOND AMENDED COMPLAINT** – Page 3 of 18

4.

**THE PARTIES IN THIS CASE**

Unique Beverage Company, LLC ("defendant") is incorporated in the State of Washington. Defendant is responsible for creating and labeling its so-called coconut product as shown in Exhibit 1. Defendant labels its so-called coconut product to be advertised and sold to people across the country. Despite the large colorful coconuts and the word "Coconut" that defendant puts on the front of its label, defendant's product actually contains no coconut, no coconut water, no coconut juice, no coconut pulp, no coconut jelly, no coconut natural flavor, has no coconut health qualities, and does not taste like coconut.

5.

Vicky Silva is an individual consumer residing in Oregon. She purchased defendant's so-called coconut product shown below on February 25, 2017 at a grocery store in Gresham, Oregon.



**SECOND AMENDED COMPLAINT** – Page 4 of 18

6.

Vicky Silva relied on defendant's representations on the face of its product's label – including prominent picture of coconuts emptied of their liquid and the word "Coconut" in large font directly above the phrase "Naturally Flavored Sparkling Water With Juice" – for her decision to purchase defendant's product, thinking it was flavored with and contained some amount of actual coconut, would taste like coconut, and would have some coconut health properties. Vicky Silva felt tricked when she drank defendant's so-called coconut product because it tasted nothing like coconut and had no coconut and had no coconut health properties. She later complained but defendant refused to do anything about it.

From: "Vicky Silva" <vicky.silva57@gmail.com>
Date: Feb 27, 2017 6:25 PM
Subject: Re: Contact Form Submission
To: "Cascade Ice" <cascadeicewaterpr@gmail.com>
Cc:

I just wanted to point out for example coconut sparkling water shows no coconut in it whatsoever it's very deceptive.
the public trust you to produce what you're showing a picture of. if you show a picture of coconuts on a bottle of
sparkling water and you write the word coconut on it that means coconut water. to read the ingredients and see there
is no coconut, instead pear juice, is deceiving.

Vicky Silva

Hi Vicky,

I'm sorry if my response didn't satisfy you before. We are doing everything we can to keep our customers happy, and I
wish that I had a more satisfactory answer for you. The pear juice is a natural sweetener which is why it is added to
many of our products. If you would like to discuss more, you can call me at 972-380-9595. I hope you have a great
day.

Thanks!

---

From: "Cascade Ice" <cascadeicewaterpr@gmail.com>
Date: Feb 27, 2017 2:50 PM
Subject: Re: Contact Form Submission
To: <vicky.silva57@gmail.com>
Cc:

Hi Vicky,

Thank you for reaching out. We're sorry to hear about your dissatisfaction with our product, but we hope you
continue to try more flavors. Our sparkling waters are flavored with flavored with all natural fruit essences.
The fruit essence comes from extracting natural essential oils from the fruit themselves. We hope this
is helpful.

On Sat, Feb 25, 2017 at 6:35 PM, <cascadeice@cascadeicewater.com> wrote:

## New Form Submission

| | |
|---|---|
| **Name: *:** | vicky |
| **Email: *:** | vicky.silva57@gmail.com |
| **Phone:** | 5039954567 |
| **City & State: *:** | Gresham Oregon |
| **Subject: *:** | false advertising |
| **Permission To Use For Promotion: *:** | No |
| **Message:** | I noticed your Cascade coconut sparkling water says coconut on the front label. I bought some and I thought it tasted a little funny. Upon reading the ingredients found there was nothing about coconut in it at all! Then you really have to read all the labels because finally up by the nutrition facts, buried in between, it says contains no coconut but it doesn't say it contains no coconut milk or water. So in my mind when I see something that says coconut on the front and that it's sparkling water that's what I think it is. |

Form submitted from website: www.cascadeicewater.com
Visitor IP address: 66.87.113.154

**SECOND AMENDED COMPLAINT** – Page 6 of 18

7.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy including actual, statutory, and punitive damages exceeds $75,000 and the aggregate claims of the class exceed $5 million. In the regular course of defendant's business, defendant labeled thousands of units of its so-called coconut product for sale throughout the United States. Venue is proper under 28 U.S.C. § 1391 because the bulk of sales of defendant's so-called coconut product in Oregon took place in Multnomah County. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

8.

## CLASS ALLEGATIONS

The Oregon class consists of all Oregonians who bought defendant's so-called coconut product in Oregon after March 10, 2016. The quantity of defendant's so-called coconut product sales in Oregon can be determined based on defendant's sales records, and based on the sales records and other customer data of defendant's Oregon distributors and retailers, and based on claims forms and receipts from Oregon consumers. Excluded from the class are all attorneys for the

**SECOND AMENDED COMPLAINT** – Page 7 of 18

class, officers and directors of defendant, including officers and directors of any entity with an ownership interest in defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

9.

Many of the retail stores that sell defendant's so-called coconut product will be able to identify each sales transaction by customer name, customer address, purchase date, and purchase price. For instance, the Safeway receipt below identifies the sales transaction based on the unique card number assigned to each customer, and specifically tracks the sales of defendant's so-called coconut product distinctly from defendant's other products. Consumers enter their unique card numbers at retailers like Safeway to trigger substantial "card savings" discounts.



**SECOND AMENDED COMPLAINT** – Page 8 of 18

10.

Defendant sells its so-called coconut product in hopes of cashing in on the billion-dollar coconut market. But using actual coconut, coconut water, coconut juice, coconut pulp, coconut jelly, or coconut natural flavor in its product would cost defendant more money. So defendant intentionally puts large colorful coconuts and the word "Coconut" on the front of its product labels, in hopes consumers like Vicky Silva will buy the product, only to later find out that it does not taste like coconut and has no coconut health qualities, because it in fact contains no actual coconut at all.

11.

The class is so numerous that joinder is impracticable. The size of the Oregon class is in the thousands, and will be determined based on sales records and other customer data from defendant and its Oregon distributors and retailers, and from claims forms and receipts from Oregon consumers.

12.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include, but are not limited to: whether the label on the front of defendant's so-called coconut product picturing large colorful coconuts emptied of their liquid and the word "Coconut" " in large font directly

**SECOND AMENDED COMPLAINT** – Page 9 of 18

above the phrase "Naturally Flavored Sparkling Water With Juice" represents that the product has characteristics, ingredients, benefits, quantities, or qualities that it does not have, or is of a standard, quality, or grade that it is not, whether the label on the front of defendant's so-called coconut product would cause the likelihood of confusion or misunderstanding as to the source of the flavor or ingredients or characteristics of the product, whether defendant acted willfully, recklessly, knowingly, and or intentionally, whether Vicky Silva and the Oregon class members are entitled to recover actual damages or statutory damages, and whether defendant's alleged violations of the law were reckless, were in pursuit of profit, and constituted a wanton, outrageous, and oppressive violation of the right of Oregon consumers to be free from unlawful trade practices. Even if the Court finds that it is necessary to show ascertainable loss on an individual basis, common questions of fact would still predominate over any individual issues under FRCP 23.

13.

Vicky Silva's claims are typical of the claims of the Oregon class because Vicky Silva's claim for relief is based upon the same legal theories as are the claims of the other class members. Vicky Silva will fairly and adequately protect and represent the interests of the class because her claim is typical of the claims of the Oregon class, she is

**SECOND AMENDED COMPLAINT** – Page 10 of 18

represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

14.

A class action is superior to other available methods for fair and efficient adjudication of this case because commons questions of law and fact predominate over other factors affecting only individual members, as far as Vicky Silva knows, no class action that purports to include Oregon consumers suffering the same injury has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of individual actions, the relatively small amounts of damages suffered, and because Vicky Silva and her attorneys will vigorously pursue the claims. The forum is desirable because the bulk of sales of defendant's so-called coconut product in Oregon took place in Multnomah County. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small monetary damages, as a result of the same conduct by defendant. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief will prevent further ongoing harm to Oregon

**SECOND AMENDED COMPLAINT** – Page 11 of 18

consumers, and the availability of defendant's (and its Oregon distributors and retailers) sales records and customer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent Oregon consumers who purchased defendant's so-called coconut product cannot be located, their monies may be distributed through a cy pres process.

15.

## OREGON CLASS CLAIM FOR RELIEF

## VIOLATIONS OF ORS 646.608 – Unlawful Trade Practices Act

As alleged more fully in this complaint, defendant falsely represented to Vicky Silva and the Oregon class that its so-called coconut product had ingredients, characteristics, benefits, quantities, or qualities, that it did not have in violation of ORS 646.608(1)(e). Defendant also falsely represented that its so-called coconut product was of a standard, quality, or grade that it did not have in violation of ORS 646.608(1)(g). Defendant's representations also caused the likelihood that Vicky Silva and the Oregon class would be confused or have a misunderstanding about the source of the flavoring, ingredients, and properties in its so-called coconut product in violation of ORS 646.608(1)(b). Defendant's violations of the Unlawful Trade Practices Act alleged in this complaint were done willfully, recklessly, knowingly, and intentionally.

**SECOND AMENDED COMPLAINT** – Page 12 of 18

16.

Vicky Silva and the Oregon class paid more money, per fluid ounce, for defendant's so-called coconut product than they could have paid for other similar beverage products that also did not contain any actual coconut. Therefore, as a result of defendant's false representations, and the likelihood of confusion or misunderstanding caused by its representations, that its so-called coconut product was flavored by and contained some actual coconut, Vicky Silva and the Oregon class suffered an ascertainable loss in the amount of the diminished value between the higher price paid per fluid ounce for defendant's so-called coconut product and the lower price that they could have paid for those similar alternative beverage products, despite any reliance on defendant's representations.

17.

In the alternative, as a result of defendant's false representations that its so-called coconut product was flavored by and contained some actual coconut, Vicky Silva would not have purchased defendant's product. The substance and nature of the false representations, and the very limited information presented on the front of the product's label, support a logical inference that the Oregon class purchased defendant's product coconut beverage as a result of defendant's false representation that its so-called coconut product was

**SECOND AMENDED COMPLAINT** – Page 13 of 18

flavored by and contained some actual coconut. As a result of defendant's misrepresentations, Viki Silva and the Oregon class have also suffered an ascertainable loss in the form of a refund of the purchase price they paid for defendant's so-called coconut product.

18.

Additionally, as a result of defendant's false representations, and the likelihood of confusion or misunderstanding caused by its representations that its so-called coconut product was flavored by and contained some actual coconut, Vicky Silva and the Oregon class ended up with a product that did not actually contain any of the very ingredient, and its corresponding properties and benefits, that was represented. Thus, Vicky Silva and the Oregon class have also suffered an objective ascertainable loss, capable of being discovered, in the form of the value of the benefits, ingredients, and properties of the product which they were led to believe they had purchased, despite any reliance on defendant's representations. *See Weigel v. Ron Tonkin Chevrolet Co.*, 298 Or. 127, 136-37, 690 P.2d 488 (1984).

19.

Vicky Silva and the Oregon class are also entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) including sales records and customer

**SECOND AMENDED COMPLAINT** – Page 14 of 18

data pertaining to this case. Vicky Silva and the Oregon class are entitled to recover actual damages or $200 statutory damages, interest and fees and costs under ORS 646.638. Defendant's violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregon consumers to be free from unlawful trade practices. Vicky Silva and the Oregon class are entitled to recover punitive damages under ORS 646.638.

20.

Demand for jury trial.

**SECOND AMENDED COMPLAINT** – Page 15 of 18

## PRAYER FOR RELIEF

Vicky Silva seeks relief for herself and the proposed Oregon class as follows:

**A.** Unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) including sales records and customer data pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against defendant holding defendant liable under the UTPA for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs; and

**D.** Other relief the court deems necessary.

June 28, 2017

> **RESPECTFULLY FILED,**
>
> s/ Michael Fuller
> **Michael Fuller, OSB No. 09357**
> Lead Trial Attorney for Plaintiff
> Olsen Daines PC
> US Bancorp Tower
> 111 SW 5th Ave., Suite 3150
> Portland, Oregon 97204
> michael@underdoglawyer.com
> Direct 503-201-4570

(additional counsel on next page)

**SECOND AMENDED COMPLAINT** – Page 16 of 18

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Ben Meiselas**
Of Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
meiselas@geragos.com
Phone 213-625-3900

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiff
kellydonovanjones@gmail.com

## PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this amended complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

June 28, 2017

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**SECOND AMENDED COMPLAINT** – Page 17 of 18

## CERTIFICATE OF SERVICE

I certify that I served this document and all attachments on the following by first class regular and certified mail, return receipt requested, postage pre-paid, and by email via ECF:

**Unique Beverage Company, LLC**
**c/o Hochman Legal Group PLLC**
**Attn.: Joe Hochman**
**4580 Klahanie Drive S.E., Suite 165**
**Sammamish, Washington 98029**
**Joe@hlglaw.com**

June 28, 2017

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**SECOND AMENDED COMPLAINT** – Page 18 of 18