Joe Hochman, OSB No. 150191
HOCHMAN LEGAL GROUP, PLLC
4580 Klahanie Drive S.E., Suite 165
Sammamish, WA  98029
Telephone: (425) 392-1548
Facsimile: (425) 526-5791
Email: Joe@HLGLAW.com

Attorney for Defendant Unique Beverage Company, LLC

### UNITED STATED DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **VICKY SILVA**, | Case No.: 3:17-cv-00391-HZ |
| Plaintiff, | |
| vs. | Defendant Unique Beverage Co. LLC's |
| | **OPPOSITION TO PLAINTIFF'S** |
| **UNIQUE BEVERAGE COMPANY, LLC**, | **REQUEST TO FILE A SURREPLY** |
| Defendant. | |

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Unique Beverage Company, LLC ("Unique")

filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC").  ECF 29.  In addition,

Unique filed a Request for Judicial Notice regarding its complete product label and the original

receipt that shows plaintiff's alleged purchase of Cascade Ice beverages.  ECF 30.  Plaintiff filed

her response to Unique's Motion to Dismiss on July 24, 2017.  ECF 31.  Unique filed its timely

**UNIQUE'S OPPOSITION TO PLAINTIFF'S**
**REQUEST TO FILE A SURREPLY - 1**

Reply Brief in support of the Motion to Dismiss on August 7, 2017.  ECF 32.  As of August 7, 2017 (17 days ago), the pleadings were closed.

On August 24, 2017, plaintiff and her attorneys filed a motion seeking leave to file a surreply in response to Unique's Reply Brief.  ECF 34.  Their stated reason for wanting to file a surreply is to apologize to the Court for including a deceptive and fake image of a product label in the Second Amended Complaint.  Also, plaintiff seemingly plans to make a false representation to the Court "that there are two (known) versions of the label . . . ."  ECF 35-1, at 2.  Unique's counsel informed plaintiff and her attorneys on multiple occasions, both in-writing and verbally, that their statements about Unique's product label is a false statement of fact, a misrepresentation and misleading.  See Exhibits A and B attached.  Despite Unique's information and heads-up, though, plaintiff nevertheless decided to file an unnecessary motion.

## II.  LAW AND ARGUMENT

A.     There Is No Legal Basis for a Surreply.

Even though the pleading stage of Unique's Motion to Dismiss has ended, plaintiff wants the Court to let her file a surreply.  "Under Local Rule 7(e)(3), no briefing after a reply is allowed unless directed by the Court."  Knebel v. St. Helens Cmty. Fed. Credit Union, No. 3:13-cv-00208-HZ, 2013 U.S. Dist. LEXIS 71198, *9 (D. Or. May 21, 2013); LR 7-1(e)(3).  Otherwise, motions and responses would never end.

Unique filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  In its Reply Brief, Unique did not raise any evidentiary objections. See LR 56-1(b) ("If an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum . . . . within seven days addressing only the evidentiary objection[.]").  In addition, Unique did not

**UNIQUE'S OPPOSITION TO PLAINTIFF'S**
**REQUEST TO FILE A SURREPLY - 2**

raise any new factual assertions or legal arguments in its Reply Brief.  ECF 31.  Plaintiff delayed over seventeen (17) days before seeking leave to file a surreply.  Accordingly, there is no legal basis for plaintiff's request to file an otherwise unnecessary surreply.

B.      Plaintiff Fails to State a Compelling Reason for a Surreply.

Plaintiff has no persuasive justification for filing a surreply.  Rather, plaintiff and her team of attorneys merely want to tell the Court they collectively made a mistake by including in the SAC a fake image of a product label that they blindly pulled from the Internet.  See Exhibit B attached.  To be fair, plaintiff and her many attorneys included the same, phony image of a product label in her original Complaint (ECF 1, at p. 2), Amended Complaint (ECF 8, at p. 2; ECF 8-1) and Second Amended Complaint (ECF 28, at p. 2).  She also referenced the bogus product label throughout her response to Unique's Motion to Dismiss.  Now, after all the pleadings relating to Unique's Motion to Dismiss have closed, plaintiff wants to apologize to the Court for including a deceptive and misleading image in each of her three (3) versions of the Complaint.

This Court has previously ruled that if there is no "compelling reason supporting a surreply[,]" then it will be denied.  Knebel, 2013 U.S. Dist. LEXIS 71198, at *9.  Plaintiff's unconvincing apology for blindly cutting from the Internet and pasting into each of three versions of her Complaint a fake and misleading image is not a compelling reason.  Equally important, plaintiff's apology has no bearing on any substantive claims contained in her SAC or in Unique's Motion to Dismiss.  See, e.g., Cheng v. BMW of North Am., LLC, No. CV 12-09262 GAF (SHx), 2013 U.S. Dist. LEXIS 107580, 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013) ("[I]n ruling on a motion to dismiss a class action complaint prior to class certification, courts generally consider only the claims of the named plaintiff."); Rutherford v. FIA Card Servs, N.A., No. CV 11-04433

UNIQUE'S OPPOSITION TO PLAINTIFF'S
REQUEST TO FILE A SURREPLY - 3

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA  98029
(425) 392-1548

DDP (MANx), 2012 U.S. Dist. LEXIS 164287, 2012 WL 5830081, at *4 (C.D. Cal. Nov. 16, 2012) (explaining that prior to certification, the court "looks only to the allegations pled as to Plaintiff himself" because "only Plaintiff's individual claims are at issue").

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny plaintiff's motion for leave to file an unnecessary surreply.

DATED:  August 24, 2017.

HOCHMAN LEGAL GROUP, PLLC

*/s/ Joe Hochman*

By_____
    Joe Hochman, OSB # 150191
    Attorney for Defendant
    Unique Beverage Company, LLC

**UNIQUE'S OPPOSITION TO PLAINTIFF'S
REQUIRED TO FILE A SURREPLY - 4**

**HOCHMAN LEGAL GROUP, PLLC**
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA  98029
(425) 392-1548

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 24, 2017, I electronically filed the foregoing **UNIQUE'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SURREPLY** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following:

Rex Daines
Michael Fuller
Olsen Daines PC
111 S.W. 5th Avenue, Suite 3150
Portland, OR 97204
michael@underdoglawyer.com
rdaines@olsendaines.com

Mark Geragos
Ben Meiselas
Geragos & Geragos
644 South Figueroa Street
Los Angeles, CA 90017
geragos@geragos.com
meiselas@geragos.com

Robert Le
rl@robertlelaw.com

Kelly Jones
kellydonovanjones@gmail.com

*/s/ Joe Hochman*

Joe Hochman
Hochman Legal Group, PLLC
*Attorney for Unique Beverage Company, LLC*

**UNIQUE'S OPPOSITION TO PLAINTIFF'S
REQUEST TO FILE A SURREPLY - 5**

# EXHIBIT A

# EXHIBIT A



# HOCHMAN
## LEGAL GROUP PLLC

4580 Klahanie Drive S.E., Suite 165        (425) 392-1548
Sammamish, WA  98029               FAX (425) 526-5791
                                    Joe@HLGLAW.com

ADMITTED IN WASHINGTON, OREGON AND ARIZONA

August 14, 2017

**VIA EMAIL ONLY**
michael@underdoglawyer.com
rdaines@olsendaines.com
geragos@geragos.com
meiselas@geragos.com
kellydonovanjones@gmail.com
rl@robertlelaw.com

Michael Fuller
Rex Daines
Olsen Daines PC
111 S.W. 5th Avenue, Suite 3150
Portland, OR  97204

> Re:    *Silva v. Unique Beverage Company, LLC*
>        U.S. District Court for the District of Oregon Case No. 3:17-cv-391-HZ

Dear Mike and Rex,

I received on August 14, 2017 your email message stating that you intend to file a motion seeking leave to file a surreply in this lawsuit. Your stated purpose for filing a surreply is to make a false representation to the Court "that there are two (known) versions of the label . . . ."

Pursuant to LR 7-1(e)(3), a surreply is not allowed.  Plaintiff and her many attorneys received Unique's timely Reply Brief on August 7, 2017 (one week ago). ECF 32. Plaintiff's team of attorneys had plenty of time to research the Local Rules and raise (or drop) this matter earlier.

More importantly, though, your intended representation is a false statement of fact, a misrepresentation and misleading. There currently exists only one (1) version of Unique's Cascade Ice coconut naturally flavored sparkling water label.  In fact, the current label (the one that is shown in Unique's Request for Judicial Notice and on the bottle in plaintiff's Second Amended Complaint that she claims to have purchased) is the only version of the label on Cascade Ice coconut naturally flavored sparkling water that has been in existence for years. See ECF 12, 12-1, 12-2, 12-3 and 30. Your claim that there simultaneously exists another version of the label that includes the words "with juice" is false. Otherwise, you would have produced by now or attached to plaintiff's Complaint an actual photograph of some other version.

**HOCHMAN LEGAL GROUP, PLLC**

Michael Fuller
Rex Daines
August 14, 2017
Page 2

My client and I justifiably assumed someone on your team either doctored the true product label or pulled some inaccurate image from the Internet. Regardless, there exists no evidence whatsoever to suggest that your inaccurate label image is anything other than a fake. As such, you know or should know the intended representation is deceptive. For these reasons, Unique and I do not consent to plaintiff filing a surreply.

As always, you are welcome to contact me with any questions. My direct telephone number is (425) 392-1548, ext. 9.

Sincerely,

HOCHMAN LEGAL GROUP, PLLC

By: Joe Hochman,
    Managing Attorney

# EXHIBIT B

# EXHIBIT B



## HOCHMAN

### LEGAL GROUP PLLC

4580 Klahanie Drive S.E., Suite 165
Sammamish, WA  98029

(425) 392-1548
FAX (425) 526-5791
Joe@HLGLAW.com

ADMITTED IN WASHINGTON, OREGON AND ARIZONA

August 16, 2017

**<u>VIA EMAIL ONLY</u>**
michael@underdoglawyer.com
rdaines@olsendaines.com
geragos@geragos.com
meiselas@geragos.com
kellydonovanjones@gmail.com
rl@robertlelaw.com

Michael Fuller
Olsen Daines PC
111 S.W. 5th Avenue, Suite 3150
Portland, OR  97204

Kelly D. Jones
819 S.E. Morrison Street, Suite 255
Portland, OR  97214

Re:      *Silva v. Unique Beverage Company, LLC*
         U.S. District Court for the District of Oregon Case No. 3:17-cv-391-HZ

Dear Mike and Kelly,

This letter confirms our cordial telephone conference of August 15, 2017.  You requested the call because of your plan to file a motion asking the Court to grant plaintiff leave to file a surreply.

During our lengthy telephone conversation, I asked you to explain the reasons why you feel the need to file a surreply.  You told me that you want to explain to Judge Hernandez that it was a mistake for you to include in the Second Amended Complaint an inaccurate image of a product label that includes the words "with juice." You told me that Mike pulled from the Internet the inaccurate image of a product label and included it in plaintiff's Complaint without noticing that it was substantially different than the label on the product that your client claims to have purchased. When I asked you to explain how it was conceivable for plaintiff and her team of at least 6 attorneys and at least 4 law firms to not notice that the fake label was different from the label in your possession, you simply told me "it's a mistake."

**HOCHMAN LEGAL GROUP, PLLC**

Michael Fuller
Rex Daines
August 16, 2017
Page 2

To be fair, plaintiff and her bevy of attorneys included an image of the fake product label in each of the three (3) separate versions of her Complaint. ECF 1, 8, 8-1 and 28. You also extensively referenced the bogus and misleading label in plaintiff's response to Unique's Motion to Dismiss. For those reasons, your explanation is not credible.

Based on your statements to me during our conversation, it appears that the sole reasons for your desire to file a surreply are to: (1) tell Judge Hernandez that you did not intend to mislead him by including a false, deceptive and misleading image of a phony label in the Complaint or by referencing the deceptive label throughout plaintiff's response pleading; and (2) falsely represent your baseless assumption that there simultaneously exist "two (known) versions of the label . . . ."

Your stated reasons for wanting to file a surreply are not compelling. There is no sound justification for your desire to file a motion requesting leave to file a surreply. As such, I encourage you to reconsider your plans.

Sincerely,

HOCHMAN LEGAL GROUP, PLLC

By:  Joe Hochman,
     Managing Attorney