Joe Hochman, OSB No. 150191
Lead Trial Counsel for Defendant
HOCHMAN LEGAL GROUP, PLLC
4580 Klahanie Drive S.E., Suite 165
Sammamish, WA 98029
Telephone: (425) 392-1548
Email: Joe@HLGLAW.com

Erik Kizirian, SBC No. 210584
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: (213) 250-1800
Email: kizirian@lbbslaw.com

Attorneys for Defendant Unique Beverage Company, LLC

# UNITED STATED DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **VICKY SILVA**, | Case No.: 3:17-cv-00391-HZ |
| Plaintiff, | |
| vs. | Defendant Unique Beverage Co. LLC's **MOTION FOR PROTECTIVE ORDER** |
| **UNIQUE BEVERAGE COMPANY, LLC**, | Pursuant to Fed. R. Civ. P. 26(c) |
| | Request for Oral Argument |
| Defendant. | |

## I. CERTIFICATE OF COMPLIANCE WITH LR 7-1

In compliance with Local Rule 7-1, Fed. R. Civ. P. 26(c) and prior to filing this motion, counsel for defendant Unique Beverage Company, LLC ("Unique") conferred in good faith about this motion via telephone on January 12, 2018 with one of the plaintiff's attorneys. It was

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 3**

**HOCHMAN LEGAL GROUP, PLLC**
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

Unique and its counsel's hope to resolve this issue without court action; however, the parties were not able to resolve the dispute and the plaintiff's attorneys refused to sign a Stipulated Protective Order that was based on this Court's Model Two-Tier Protective Order.

## II. MOTION

Defendant Unique asks this Court to enter a Protective Order governing Unique's proprietary, confidential and internal business records, based on the Court's Model Two-Tier Protective Order, pursuant to Fed. R. Civ. P. 26(c). In support of this motion, Unique relies on the Declaration of Joe Hochman and the accompanying exhibits.

## III. INTRODUCTION

Unique is a small, family-owned bottler of non-alcoholic beverage products. Hochman Decl., at ¶ 8. Unique has one office, which is in Washington State. Second Amended Complaint ("SAC"), at ¶ 4 (Doc. 28). Unique bottles and sells its own, proprietary beverage product lines under the "Cascade Ice" brand. Hochman Decl., at ¶ 4; see also Unique's Request for Judicial Notice ("RJN"), at Exhibits A-C (Doc. 30). One of Unique's beverage products is its Cascade Ice coconut naturally-flavored sparkling water. SAC, at ¶ 5 (Doc. 12); see also Unique's RJN, at Exhibits A-C (Doc. 30).

The non-alcoholic beverage industry is highly competitive. Hochman Decl., at ¶ 9. There are numerous companies vying for the same, finite customers. Each beverage product has its own, proprietary recipe and formulation. Beverage bottlers compete within the same market channels and spend a great deal of time, money and energy trying to get their products onto limited store shelves. Unique is no exception. Unique's confidential business strategies, sales data, records and proprietary recipes are precious to Unique. Hochman Decl., at ¶ 9. If such data

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 4**

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

and records are either intentionally or accidentally released to any of Unique's competitors, then Unique will suffer severe financial and business harm. Hochman Decl., at ¶ 9.

In her Second Amended Complaint, plaintiff claims to represent a class of plaintiffs that is too numerous to count. SAC, at ¶ 11 (Doc. 12). She asserts that information supporting her allegations "can be determined based on defendant's sales records, and based on the sales records and other customer data of defendant's Oregon distributors and retailers . . . ." SAC, at ¶ 8 (Doc. 12). It appears that plaintiff and her attorneys plan on seeking the production of information and documents relating to the retail stores where Unique's beverage products are sold. SAC, at ¶ 9 (Doc. 12). In this lawsuit, plaintiff is seeking "an order to preserve all documents and information (and electronically stored information) including sales records and customer data pertaining to this case." SAC, at ¶ 19 (Doc. 12).

Plaintiff is represented by a team of not less than 4 law firms and 6 primary attorneys, plus countless support staff, 6 other attorneys at Olsen Daines and 7 other attorneys at Geragos & Geragos. Hochman Decl., at ¶ 10; see, e.g., Doc. 21, 23 and 28. On March 13, 2017 and after filing this lawsuit against Unique, plaintiff's attorneys demanded in-writing that Unique "preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this lawsuit." Hochman Decl., at ¶ 10 and Exhibit F. Plaintiff's attorneys demanded paper files located at Unique's single office and "at offsite locations . . . ." Hochman Decl., at ¶ 10 and Exhibit F. They claim to be seeking "spreadsheets and databases" and "system and application metadata." Hochman Decl., at ¶ 10 and Exhibit F. As such, there is a real risk that Unique's proprietary and confidential business data and records will be sought in

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 5**

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

discovery and, absent a protective order, could be released to Unique's competitors or to others. Hochman Decl., at ¶ 10 and Exhibit F.

On January 11, 2018, Unique's counsel initiated contact with plaintiff's attorneys about a Stipulated Protective Order. Hochman Decl., at ¶ 3 and Exhibit A. Unique's counsel circulated a draft Stipulated Protective Order that mirrored the Court's Model Two-Tier Protective Order. Hochman Decl., at ¶ 3 and Exhibit A. The pleading was revised only to include a few, short facts specific to this lawsuit (as instructed by the Model form). Hochman Decl., at ¶ 3. Plaintiff's attorneys proposed changes to the Court's Model Protective Order and significantly altered or deleted Unique's simple, truthful, factual statements. Hochman Decl., at ¶ 4 and Exhibit B.

Unique's counsel tried convincing plaintiff's attorneys to use the same language as contained in the Court's Model Protective Order; however, plaintiff's attorneys would not agree. Hochman Decl., at ¶ 5 and Exhibit C. On January 12, 2018, plaintiff's attorneys wrote that they will no longer agree to the entry of a Stipulated Protective Order. Hochman Decl., at ¶ 6 and Exhibit D.

On January 12, 2018, counsel for Unique and one of plaintiff's attorneys conducted a LR 7-1 conference to discuss plaintiff's refusal to enter into a Stipulated Protective Order. Hochman Decl., at ¶ 7 and Exhibit E. During that LR 7-1 conference, plaintiff's attorney stated that they will not agree to a Protective Order until and unless Unique sends them each of the documents that Unique believes is confidential and written proof of the following facts: (1) Unique is a small, family-owned business; (2) plaintiff is represented by multiple law firms and attorneys; (3) disclosure of Unique's proprietary business records and data would cause harm to Unique;

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 6**

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

and (4) Unique's proprietary business records and data are private and confidential. Hochman Decl., at ¶ 7 and Exhibit E.

Because plaintiff's attorneys are taking an unfortunate and unwarranted position with respect to a Stipulated Protective Order, this Motion for Protective Order is unavoidable. The purpose of this Motion for a Protective Order is to have a procedure in place to enable Unique to produce some proprietary and confidential documents that no-doubt will be sought in this lawsuit, while protecting those documents from improper use or disclosure by the plaintiff or her attorneys. Plaintiff's attorneys have confessed to this Court that they are actively pursuing plaintiffs in other states, and that they plan to consolidate lawsuits from other jurisdictions with this lawsuit. Because the plaintiff's attorneys agree to the U.S. District Court's Model Two-Tier Protective Order, with the exception of only around 24 words, Unique and its counsel ask the Court to enter the U.S. District Court's Model Two-Tier Protective Order without changes.

For the reasons discussed below, the Court should enter a Protective Order based on its Model Two-Tier Protective Order. Fed. R. Civ. P. 26(c). Plaintiff's attorneys have already agreed to around ninety-nine percent (99%) of Unique's proposed Stipulated Protective Order, which is based on this Court's Model Two-Tier Protective Order. The plaintiff's stated objections to Unique's proposed Stipulated Protective Order are trivial.

## IV. LAW AND ARGUMENT

A. <u>A Protective Order Is Appropriate and Necessary In this Lawsuit</u>.

The plaintiff and her attorneys have stated in-writing their intention to seek the production of Unique's proprietary, confidential and internal business records. Hochman Decl., at ¶ 10 and Exhibit F. Also, as they informed this Court at the Rule 16 conference on November 27, 2017, the

**UNIQUE'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT - 7**

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

plaintiff's attorneys are actively pursuing plaintiffs in other states, with the goal of expanding this lawsuit to include multiple jurisdictions. Unique is willing to produce its relevant, responsive, non-privileged and internal business records in response to discovery requests, yet only if they are protected by a sufficient Protective Order.

Pursuant to Fed. R. Civ. P. 26(c):

The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . .

    (G)    requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1). Here, good cause exists because plaintiff's attorneys have expressed their intention in-writing to seek the production of Unique's proprietary and confidential business records. In addition, the plaintiff is represented by at least 4 separate law firms that contain at least 19 lawyers and countless support staff. Likewise, the plaintiff's attorneys have openly articulated their intention of expanding this lawsuit to consolidate lawsuits from other states. The only way that Unique can protect its internal, confidential and proprietary documents from disclosure outside of this lawsuit is to obtain a Protective Order from the Court. Fed. R. Civ. P. 26(c).

Good cause exists to enter the U.S. District Court's Model Two-Tier Stipulated Protective Order because the plaintiff has requested Unique's proprietary and confidential documents. The plaintiff's attorneys initially agreed to the entry of a Protective Order in this lawsuit in a form that

**UNIQUE'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT - 8**

HOCHMAN LEGAL GROUP, PLLC
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

is virtually identical to the U.S. District Court's Model form of a Two-Tier Protective Order, with the exception of approximately 24 words.

B.      Plaintiffs' Attorneys Agree With All But 24 Words of Unique's Proposed Order.

Unique is simply asking for entry of a two-tier Protective Order that protects its internal, proprietary and business documents from improper dissemination. To achieve that goal, Unique's counsel proposed the form of Two-Tier Protective Order that has been adopted by the U.S. District Court for the District of Oregon. Hochman Decl., at ¶ 3 and Exhibit A. This Court's Model Two-Tier Protective Order is available for download from the Court's own website (https://ord.uscourts.gov/index.php/filing-and-forms/forms/civil-forms) and it is widely used in Oregon by trial lawyers.

Plaintiff's attorneys agreed to the entry of a Protective Order in this lawsuit. Hochman Decl., at ¶ 4 and Exhibit B. Except for around 24 words, the plaintiff's attorneys agree with the U.S. District Court's Model Two-Tier Protective Order. Rather than adopt this Court's Model Protective Order, however, the plaintiff's attorneys are demanding that Unique first produce its confidential documents, along with other written proof that disclosure of Unique's confidential business records will cause harm to Unique. Hochman Decl., at ¶ 7 and Exhibit E.

The plaintiff's demands are unreasonable for several reasons. First, the plaintiff's proposed language eliminates the existence of "good cause," as required by Fed. R. Civ. P. 26(c). Hochman Decl., at ¶ 7 and Exhibit E. Second, the plaintiff's demands force Unique to prove to the satisfaction of plaintiff's attorneys that Unique's proprietary and confidential business data and records are actually confidential. Third, plaintiff and her attorneys contend that the disclosure of Unique's proprietary business data and records would not cause any harm to Unique. Hochman

**UNIQUE'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT - 9**

**HOCHMAN LEGAL GROUP, PLLC**
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548

Decl., at ¶ 7 and Exhibit E.  Plaintiff's position is contrary to the purpose of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 1 and 26(c).

## V. **CONCLUSION**

This Motion for a Protective Order should not have been necessary. Unfortunately, the plaintiff's attorneys made unreasonable demands to change the U.S. District Court's form of Model Two-Tier Protective Order in a way that would eliminate the existence of "good cause." In addition, plaintiff's attorneys do not agree that Unique's proprietary business records and data are confidential or merit protection.  As a result, Unique was forced to file this motion so that it can produce its internal and proprietary documents under the protection of a Protective Order. For the foregoing reasons, Unique asks the Court to enter a Protective Order in the form that Unique originally proposed to the plaintiff and that has been adopted by the U.S. District Court for the District of Oregon.  A proposed Order granting Unique's motion and a proposed Protective Order are attached as Exhibit G.

DATED:  January 23, 2018.

HOCHMAN LEGAL GROUP, PLLC

*/s/ Joe Hochman*

By_____
    Joe Hochman, OSB # 150191
    Hochman Legal Group, PLLC

    Erik Kizirian, SBC # 210584
    Lewis Brisbois Bisgaard & Smith LLP

    Attorneys for Defendant
    Unique Beverage Company, LLC

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 10**

**HOCHMAN LEGAL GROUP, PLLC**
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA  98029
(425) 392-1548

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains approximately 1,970 words and consists of around 10 pages, including headings, footnotes and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits and any certificates of counsel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2018, I electronically filed the foregoing **UNIQUE'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following:

Rex Daines
Michael Fuller
Olsen Daines PC
111 S.W. 5th Avenue, Suite 3150
Portland, OR 97204
michael@underdoglawyer.com
rdaines@olsendaines.com

Mark Geragos
Ben Meiselas
Geragos & Geragos
644 South Figueroa Street
Los Angeles, CA 90017
geragos@geragos.com
meiselas@geragos.com

Robert Le
rl@robertlelaw.com

Kelly Jones
kellydonovanjones@gmail.com

      */s/ Joe Hochman*
      ―――――――――――――――――
      Joe Hochman
      Hochman Legal Group, PLLC
      *Attorney for Unique Beverage Company, LLC*

**UNIQUE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 11**

**HOCHMAN LEGAL GROUP, PLLC**
4580 KLAHANIE DRIVE S.E., SUITE 165
SAMMAMISH, WA 98029
(425) 392-1548